AMERICAN EXCHANGE IRVING TRUST COMPANY, as Corporate Trustee, and CHARLES C. MOORE, as Individual Trustee, under Trust Mortgage Made by 63 PRINCE STREET CORPORATION, Dated June 1, 1925, Appellants, *v.* JOSEPH G. SIEGEL, Respondent.

First Department, May 29, 1930.

*William O. Robertson* of counsel [*Michael H. Cardozo, Jr.,* with him on the brief; *Cardozo & Nathan,* attorneys], for the appellants.

*Charles E. McMahon* of counsel [*Milton Gladstone,* attorney], for the respondent.

McAvoy, J. Plaintiff sues upon a written instrument made by defendant. The plaintiffs are respectively corporate and individual trustees under a trust mortgage executed by 63 Prince Street Corporation, to secure the payment of an issue of corporate bonds made by that corporation. The instrument provides that defendant guarantees on conditions set forth therein the performance of the covenants of the mortgage by the 63 Prince Street Corporation, the payment of interest and principal of the bonds secured by the mortgage, and any deficiency resulting from a foreclosure of such mortgage.

A default in the payment of the principal and interest of some of the bonds secured by said mortgage is alleged; that an action to foreclose the mortgage had been instituted; that judgment of foreclosure and sale had been entered; that a sale of the mortgaged premises was had pursuant to said judgment, and that upon the sale a deficiency judgment against 63 Prince Street Corporation for the sum of $47,531.08 resulted. The action here is brought against the defendant upon the written instrument of guaranty to recover the amount of this deficiency judgment.

Defendant moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. This motion was granted on the ground that plaintiff failed to properly plead as a condition precedent of the guarantor's liability that the building in question was not completed and fully paid for by the principal or guarantor.

The provisions of the instrument involved are: " The undersigned, Joseph G. Siegel, for a good and valuable consideration hereby guarantees the prompt and punctual performance of each of the covenants, agreements and conditions of the foregoing mortgage or deed of trust    *    *    *    and does hereby guarantee, promise and agree promptly and punctually to pay the principal and interest of all of the said bonded indebtedness secured thereby and particularly described in the said indenture, and all other sums of money therein and thereby promised and agreed to be paid by the said 63 Prince Street Corporation, at the time and in the manner and in accordance with the terms of said bonds and interest coupons therein described    *    *    *."

This is an absolute guaranty without condition. The so-called

precedent condition is said to be contained in this provision of the instrument:

" This guaranty shall in all things terminate and be deemed duly performed and shall become null and void and all liability thereunder cease when the construction of the building referred to in Article IV of said mortgage or deed of trust is finished and fully paid for by 63 Prince Street Corporation or by the undersigned or either of them and when the building is free and clear of any and all liens, equal or superior to the lien of the first mortgage or deed of trust for $1,075,000 annexed." .

A condition precedent is not thus stated. The termination of the guaranty is there indicated, not its commencement. The defendant will remain according to the terms liable upon his guaranty until the building is completed and paid for, either by 63 Prince Street Corporation or by the defendant, and until the property is free and clear from liens, equal or superior to the lien of the first mortgage. Such a provision is denominated a condition subsequent.

The defendant's liability upon his guaranty accrued upon the default of 63 Prince Street Corporation, the principal debtor. His liability would end upon the completion of the building and full payment therefor, all of which were subsequent events.

The mortgage contained a covenant by 63 Prince Street Corporation to erect and complete a building on the mortgaged premises and to pay in full therefor on or before April 1, 1926. The guaranty was executed in June, 1925, before the completion of the building. The completion of the building occurred after the execution of the contract. A defense to the guaranty which has arisen after that instrument was executed must be pleaded and proven by the obligor. The plaintiff sues upon the direct obligation and need not negative the proviso for release of liability.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer upon payment of costs.

DOWLING, P. J., MERRELL, FINCH and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.